ROBERT P. DIMMERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dimmers v. Commissioner
Docket No. 3208-85.
United States Tax Court
T.C. Memo 1986-35; 1986 Tax Ct. Memo LEXIS 576; 51 T.C.M. (CCH) 340; T.C.M. (RIA) 86035; January 27, 1986. Robert P. Dimmers, pro se. Gail Gibson, for the respondent. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent, by a statutory notice, mailed November 15, 1984, determined deficiencies in income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654
1979
$5,749.71
$833.58
$287.49
$114.32
1980
7,297.71
1,418.79
364.89
335.76
1981
5,060.00
1,216.58 * 253.00
369.17
1982
3,307.00
589.17 ** 165.35
206.32
*577 The issues presented for our consideration are as follows: (1) Whether petitioner's wages from services as a large machine operator and certain unemployment benefits are income; (2) whether petitioner can substantiate various itemized deductions; and (3) whether petitioner is liable for additions to tax under sections 6651(a), 6653(a), and 6654 for each of the taxable years 1979 through 1982. Robert P. Dimmers (petitioner) was a resident of White Bear Lake, Minnesota, at the time of filing the petition herein. Petitioner does not dispute that he failed to file income tax returns for the taxable years 1979, 1980, 1981 and 1982. In the petition, he alleged that his wages were not taxable income because they constituted "an equal exchange for labor." At the trial, petitioner declined to state a position or offer any evidence concerning why his wages were not taxable, stating that respondent had threatened to move the assertion of damages (up to the amount of $5,000) if petitioner asserted or maintained a frivolous or groundless position.[2] Respondent conceded, with respect to the taxable year 1979, that the amount of income determined in the statutory notice ($22,480.73) should *578 be reduced by $552. With that exception, we find respondent's determination of income for the taxable years 1979, 1980, 1981 and 1982 to be correct because petitioner has failed to carry his burden of proof. ; ; Rule 142. Further, petitioner's argument that compensation for labor is not subject to tax is wholly without merit and has been addressed by this Court on numerous occasions and by the Eighth Circuit Court of Appeals. ; , cert. denied ; , cert. denied ; . *579 With respect to petitioner's claimed deductions, respondent's statutory notice reflects that the amount of tax was computed by means of the tax table, which includes a "built-in" zero bracket amount. Because petitioner had not filed for the years in issue he submitted, prior to the trial of this case, various documents to respondent and respondent has agreed that petitioner is entitled to itemize deductions in specified amounts which, in all years, exceed the standard deduction. The following itemized deductions have been conceded by respondent: Item
1979
1980
1981
1982
State Income Tax
$1,557.71
$387.95
$1,480.67
$894.96
Real Estate Taxes
793.08
686.05
592.43
807.23
Sales Taxes
134.00
153.00
139.00
129.00
Auto License
24.57
33.13
51.22
Mortgage Interest
1,348.61
1,050.87
1,126.39
1,142.81
Community Credit
Interest
242.30
204.21
548.83
559.13
1st State Bank
of Hugo -
Interest
164.54
24.99
Wards - Interest
62.48
VISA - Interest
73.60
Union Dues
262.00
170.00
Total Allowed
by Respondent
$4,100.27
2,806.56
$4,158.59
$3,779.34
At the time of trial, petitioner asserted that he was entitled *580 to additional deductions which were not reflected on respondent's scheduled allowances. Based upon concessions by respondent and evidence submitted by petitioner, we find the following deductions allowable in addition to the amounts outlined by respondent in his schedule: For the taxable year 1979, petitioner is entitled to an additional $156 for union dues. For the taxable year 1980, petitioner is entitled to the following amounts in addition to those allowed by respondent: $117.35 for sales tax and $33.01 for automobile licensing. For the taxable year 1981, petitioner is entitled to an additional $29.96 for automobile licensing and $170 for union dues. With respect to the taxable year 1982, petitioner is entitled to an additional $25.39 for automobile licensing and interest to the First State Bank of Hugo in the amount of $65.33. Petitioner stated that he had claimed 1,080 miles of business related travel for taxable years prior to 1979, when he had filed returns. When requested to provide detail about the number of trips, whether the trips were between jobs as opposed to from his home to a job, petitioner was not able to provide sufficient detail or explanation that would permit *581 the allowance of any amount for business related travel. Petitioner also claimed that he was entitled to an additional deduction with respect to interest on credit card accounts. He proposed to offer checks written to these creditors which did not delineate any amount as being attributable to interest, as opposed to principal. Further, petitioner did not have any recall or actual knowledge of whether those accounts carried interest or whether finance charges were asserted during any of the taxable years in question concerning these creditors. In view of the foregoing, petitioner has failed to carry his burden of proof with respect to any additional amounts of interest or travel expense beyond that allowed by respondent. ; Rule 142. Respondent has determined additions to tax with respect to sections 6651(a) (failure to file), 6653(a) (negligence) and 6654 (failure to pay estimated tax). It is clear from the admissions of petitioner and the record in this case that petitioner failed to file a return without good cause and that, at very least, such failure was due to negligence and willful disregard of the rules and regulations. In *582 addition, petitioner has offered no evidence or explanations as to why these additions to tax should not be imposed. In view of the foregoing, we find that the additions to tax under sections 6651(a), 6653(a) and 6654 are appropriate for the taxable years 1979, 1980, 1981 and 1982. Further, we find that for the years 1981 and 1982, the addition to tax with respect to section 6653(a)(2) is applicable. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All rule references are to the Tax Court Rules of Practice and Procedure. * Sec. 6653(a)(2): 50 percent of interest due on $4,866.30 ** Sec. 6653(a)(2): 50 percent of interest due on $2,356.67↩
2. Petitioner had requested that he be allowed to file a brief and was permitted until Nov. 12, 1985, to file a seriatim brief. Petitioner did not file a brief or provide any explanation for his failure to do so. Because briefs were to be seriatim, no responsive brief is due from respondent.↩